RODMAN and READE, JJ., dissenting. *Page 99 
It was alleged in the complaint that the plaintiff was a corporation duly organized under an act of our General Assembly, ratified 12th December, 1863; that it was entitled to the possession of certain real estate in the town of Wilson, N.C. and that the defendant withholds possession thereof.
To this complaint defendant demurred, alleging as grounds of demurrer that the said act of incorporation is illegal and void, in that it was passed in aid of the rebellion against the government (112) of the United States, and that said act being so illegal and void, the plaintiff was not a capable grantee to hold any real or personal property under the laws of the State.
After argument His Honor overruled the demurrer, and the defendant appealed.
The case was argued upon a demurrer to the complaint on the ground that the plaintiff has no legal existence, and, of course, no capacity to sue or to hold property, its alleged character being void because "it was passed by a General Assembly of the then insurgent State of North Carolina in aid of the late rebellion," etc.
Under Sec. 123, C.C.P., the Court is required to take judicial notice of a private statute, which is referred to by its title and pay of ratification. So we are to take the complaint as setting out the statute by which the plaintiff is incorporated.
The question is, whether the demurrer can be restrained on the ground that by the complaint (supposing it to set out the statute) was void, appears on its face, for the reason that it was calculated and intended and had the effect to aid the rebellion.
Let the statute speak for itself:
"SECTION 1. Be if enacted by the General Assembly of the State of NorthCarolina, and it is hereby enacted by the authority of the same, That Charles F. Deems, Geo. W. Mordecai, S. S. Satchwell, John Y. Foard, David Murphy, J.Q.A. Leatch, D.M. Barringer, Edward J. Hale, S.D. Wallace, R.M. McCracken, Walter F. Leake, E.G. Reade, G.W. Collier, Chas. W. Skinner, Kemp P. Battle, Robert W. Best, John C. Washington, James J. Taylor, John H. Hyman, Wm. J. Hawkins, J.B. Littlejohn, Daniel G. Fowle, John H. Haughton, J.S. Royster, John G. Williams, Peter F. Pescud, A.M. Gorman, Thomas Bragg and others who have contributed fifty dollars or more *Page 100 
(113) to the fund of which Charles F. Deems is and has been financial agent, or who may hereafter contribute a like sum to be invested and the interest thereon expended for the education of the indigent orphan sons of such soldiers as have fallen or may hereafter fall or be disabled in the wars of the Confederate States of America, and when no such claimants shall exist, then of other orphan boys, to be selected as far as practicable from the counties in proportion to the amount contributed from counties, their assigns and successors in office as herein described, be and they are hereby created, constituted and declared a body politic and corporate in law and in fact by the name and style of `The Trustees of the North Carolina Endowment Fund,' and by that name shall be capable of taking by purchase, devise, or donation, real and personal estates, and of holding and conveying the same, shall have perpetual succession and common seal, may sue and be sued, plead and be impleaded in any Court of law and equity, and shall have such other powers and enjoy such other rights as are usually incident to corporate bodies, and are not inconsistent with the laws and Constitution of the State.
"Sec. 2. Be it further enacted, by the authority aforesaid, That all property, moneys, or effects of whatsoever nature or description heretofore given or conveyed, or devised, and hereafter to be given, conveyed or devised to the said trustees of the North Carolina Endowment Fund, shall be held and possessed in special confidence and trust by the said corporation for the sole use and benefit of the said orphans in such manner as may hereafter be devised and adopted by said trustees.
"Sec. 3, Be it further enacted by the authority of the aforesaid, That the said trustees may make and establish such rules, regulations and by-laws as may be necessary for the management of its funds, as they may deem necessary to accomplish the objects of the same, not inconsistent with the laws and Constitution of the State.
"Sec. 4, Be it further enacted by the authority aforesaid, That the said trustees may declare what number may constitute a quorum (114) for the transaction of business, and may appoint a board of directors and such other officers as they may deem expedient of manage said fund.
"Sec. 5. Be it further enacted by the authority aforesaid, That this act shall be in force from and after its ratification."
("Ratified the 12th day of December, 1863,") in the midst of the war.
Had these charitably disposed gentlemen, after the war was over, applied to the rightful General Assembly of the State for an act of incorporation, to effect the purposes set out in the statute under *Page 101 
consideration, their application would have met public sympathy, and no legal objections could have been interposed. It is manifest on the face of the statute that it was the object of the persons who applied for the charter, and of the General Assembly which granted it, thereby to aid the rebellion.
His Honor erred in overruling the demurrer. This will be certified to the end that the action may be dismissed.
PER CURIAM. Judgment reversed.